UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| E. COAST ADVANCED PLASTIC SURGERY,<br><br>**Plaintiff,**<br><br>v.<br><br>AETNA, INC., *et al.*,<br><br>**Defendants.** | Civ. No.: 17-13676<br><br>**OPINION** |

Plaintiff East Coast Advanced Plastic Surgery ("Plaintiff") asserts breach of contract and related claims against Defendants Aetna, Inc. ("Aetna"), County of Essex ("Essex County"), and other fictitious individuals and entities, based on Aetna's refusal to make full payment on Plaintiff's claims for medical services provided to an Aetna member ("CH"). This matter comes before the Court on Plaintiff's motion to remand and Aetna's motion to dismiss. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons below, Plaintiff's motion to remand is **DENIED** and Aetna's motion to dismiss is **GRANTED in part** and **DENIED in part**.

## I.  BACKGROUND

Plaintiff is a healthcare provider based in Essex County, New Jersey. Notice of Removal, Ex. 1, Compl. ¶ 1, ECF No. 1-1 ("Compl."). Aetna is a Pennsylvania corporation with its principal place of business in Hartford, Connecticut. Notice of Removal ¶ 4, ECF No. 1; Compl. ¶ 5. At all relevant times, Essex County provided CH an employer-sponsored Aetna health benefits plan (the "Plan"). At all relevant times, CH participated in the Plan, which Aetna administered. *Id.* ¶¶ 5, 9. And at all relevant times, Plaintiff was a non-participating or out-of-network provider who had no contract with Aetna. *Id.* ¶ 15.

Through a course of dealing as to CH, Plaintiff alleges Aetna provided pre-authorization letters to indicate the Plan would cover Plaintiff's medical services. *Id.* ¶¶ 20, 29. Plaintiff relied on and understood Aetna's letters as promises to pay for the pre-authorized procedures. *Id.* ¶¶ 40, 46, 57–58. To Plaintiff's detriment, Aetna paid only a fraction of the amount billed or the amount it was required to pay under the Plan's terms. *Id.* ¶¶ 34–36, 47. Plaintiff now seeks to recover the outstanding balance, which it contends is the usual, customary, reasonable, and fair value for its medical services.

1

Plaintiff filed a complaint against Defendants in New Jersey state court, alleging (1) breach of contract, (2) promissory estoppel, (3) account stated, and (4) fraudulent inducement. Compl. ¶¶ 38–61. Aetna then removed the case here, based on diversity jurisdiction. Notice of Removal ¶ 2. But Plaintiff seeks remand, arguing Aetna failed to obtain Essex County's consent for removal. *See* Pl.'s Remand Mem. of Law 1–3, ECF No. 7-1. Aetna opposes, arguing Plaintiff fraudulently joined Essex County in an apparent attempt to defeat diversity jurisdiction and, in any case, Essex County is a nominal party here with no real interest at stake. Def.'s Remand Opp'n Br. 1–18, ECF No. 10. In reply, Plaintiff argues Essex County is financially responsible for claims made under the Plan and that state law alone governs here, the latter point Aetna never disputed. *See* Pl.'s Remand Reply Mem. of Law 2–10, ECF No. 12.

While the remand motion was pending, Aetna moved to dismiss, arguing the pre-authorization letters in no way created an implied-in-fact contract that compelled paying Plaintiff the full amount charged for its services. That would defeat the breach of contract and promissory estoppel claims. *See* Def.'s Mot. to Dismiss Mem. of Law 7–12, ECF No. 8-1. Aetna then argues the fraud claim fails to meet heightened pleading requirements and is otherwise barred by the economic loss doctrine. *Id.* at 12–15. Finally, with no agreement as to the amount owed, Aetna finds Plaintiff's account stated claim deficient. *Id.* at 16.

Plaintiff opposes, without citing a single case, statute, or other legal authority. Plaintiff argues an implied-in-fact contract arose when Aetna issued the pre-authorization letters. And it was those pre-authorization letters that created a clear and definite promise to pay Plaintiff the usual and customary value for its medical services. *See* Pl.'s Mot. to Dismiss Opp'n Br. 3–5, ECF No. 9. Plaintiff then grounds its account stated claim in Aetna's refusal to pay the invoiced amount. *Id.* at 5. As to the fraud claim, Plaintiff contends it has pleaded with requisite specificity. *Id.* at 6.

Aetna filed a reply, reiterating that the pre-authorization letters only confirmed CH's eligibility for coverage under the Plan and in no way represented a promise to pay, especially at the rate Plaintiff billed. Def.'s Mot. to Dismiss Reply Br. 1–2, ECF No. 11.

## II. LEGAL STANDARD

On a motion to remand, "[t]he removing party . . . carries a heavy burden of showing that at all stages of the litigation the case is properly before the federal court. Removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand." *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009) (citations omitted). In actions raising only state law claims, federal courts have subject matter jurisdiction when the dispute satisfies the amount in controversy requirement and no plaintiff resides in the same state as any defendant. *See In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006) (citation omitted).

Federal Rule of Civil Procedure 12(b)(6) allows dismissing a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*,

404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss, a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975). And a court will usually consider documents filed with the complaint, such as those *integral to or explicitly relied upon* in the complaint." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (emphasis in original) (internal quotation marks and citations omitted).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it "is plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 687.

### III. DISCUSSION

#### A. Motion to Remand

"Removal requires unanimity—all defendants must join in a notice of removal in order for removal to be permissible." *Delalla v. Hanover Ins.*, 660 F.3d 180, 188 (3d Cir. 2011) (citing *Fletcher v. Hamlet*, 116 U.S. 408, 410 (1886)). The unanimity rule, however, does not apply when the non-joining defendant: (1) is a nominal party, *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 358 (3d Cir. 2013), or (2) was fraudulently joined. *In re Briscoe*, 448 F.3d at 216. Aetna argues Essex County was fraudulently joined and, in any event, is a nominal party. The Court agrees.

The fraudulent joinder doctrine "represents an exception to the requirement that removal be predicated solely upon complete diversity." *Id.* at 215–16. That is, "[i]n a suit with named defendants who are not of diverse citizenship from the plaintiff, the diverse defendant may still remove the action if it can establish that the non-diverse defendant[] w[as] 'fraudulently' named or joined solely to defeat diversity jurisdiction." *Id.* at 216.

Joinder is fraudulent when a plaintiff has "no reasonable basis in fact or colorable ground supporting the claim against the" non-diverse defendant or has no intention to seek a joint judgment against that particular defendant. *See Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985) (citation omitted). But if there is a chance a state court would find that the complaint states a claim against any resident defendant, then "the federal court must find that joinder was proper and remand the case to state court." *In re Briscoe*, 448 F.3d at 217 (citation omitted).

This is a case of fraudulent joinder because Plaintiff cannot obtain relief against the non-diverse defendant, Essex County. First, Plaintiff fails to allege any specific act by

Essex County that would support its claims. Second, the Plan here is "fully insured," so Aetna alone—not Essex County—bears the costs associated in paying claims like Plaintiff's submitted under the Plan. *See* Decl. of Elizabeth C. Petrozelli ¶ 3, Ex. 1, ECF No. 16-1. As Plan administrator, Aetna provided the necessary pre-authorizations and processed the submitted claims. *See* Compl. ¶¶ 18, 20, 28, 29. To that end, Essex County is a nominal defendant with "no actual interest in the outcome of the litigation." *See Johnson*, 724 F.3d at 359 (citation omitted). Accordingly, Aetna's removal was proper.

### B. Motion to Dismiss

Aetna argues Plaintiff has failed to allege breach of an implied-in-fact contract because the parties never agreed on essential terms or manifested an intent to be bound by those terms. "An implied-in-fact contract is a true contract arising from mutual agreement and intent to promise, but where the agreement and promise have not been verbally expressed. The agreement is inferred from the conduct of the parties." *Matter of Penn Cent. Transp. Co.*, 831 F.2d 1221, 1228 (3d Cir. 1987) (citations omitted).

Plaintiff here has stated an implied-in-fact contract claim. The allegations put forth plausibly show that Plaintiff rendered services in reliance on Aetna issuing the pre-authorization letters. As pleaded, the parties' conduct may show how it was understood that Plaintiff took Aetna's pre-authorization letters as creating a promise to pay its usual and customary rates for medical services.

Next, Plaintiff sufficiently alleges the promissory estoppel claim. That is because upon pre-authorizing the procedures, Aetna should have understood that it was reasonable for Plaintiff to rely on the representations made in the letters, to which Plaintiff relied on to its detriment. *See Peck v. Imedia, Inc.*, 679 A.2d 745, 752 (N.J. Super. Ct. App. Div. 1996) (citations omitted). And in pleading adequately the breach of contract and promissory estoppel claims, it follows that the parties' conduct may show mutual agreement as to the exact and definite amount Aetna owes Plaintiff. Accordingly, Plaintiff has pleaded plausibly its account stated claim. *See Manley Toys, Ltd. v. Toys R Us, Inc.*, No 12-3072, 2013 WL 244737, at *5 (D.N.J. Jan. 22, 2013) (citation omitted).

But the fraudulent inducement claim must be dismissed because it fails to meet Rule 9(b)'s heightened pleading requirements and, at any rate, the economic loss doctrine bars the claim. Plaintiff avers Aetna's pre-authorization letters contain "inherent" misrepresentations but injects no factual precision to support this conclusion. *See Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007). In lacking factual specificity under Rule 9(b), Plaintiff has yet to show how pre-authorizing a medical procedure constituted fraudulent conduct.

Even if Plaintiff pleaded heighted particularity, the breach of contract claim bars the fraud allegations under New Jersey's economic loss doctrine. At its core, the doctrine prohibits recovery of damages in tort, such as fraud, when the alleged misrepresentations relate directly to performance under a contract. *Cioni v. Globe Specialty Metals, Inc.*, 618 F. App'x 42, 47 (3d Cir. 2015). Essentially, Plaintiff claims "the representations were

4

false promises to perform as contracted." *Id.* (citing *Saltiel v. GSI Consultants, Inc.*, 788 A.2d 268, 280 (2002)). That is the case here since the purported misrepresentations fall squarely within and relate to the exact same promise "to pay [P]laintiff the usual, customary, reasonable, and fair value for the services provided" under the parties' contract. Compl. ¶¶ 57, 59. And to allow repleading the fraud claim here would be an exercise in futility. *See Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000).

At its root, Aetna attacks the merits of Plaintiff's claims. Yet, the Court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." *Twombly*, 550 U.S. at 563 n.8 (quotation marks and citation omitted). Thus, whether the parties' conduct created an implied contract demands a further development of the record. Since Plaintiff has sufficiently pleaded its breach of contract, promissory estoppel, and account stated claims, the Court must "unlock the doors of discovery." *See Iqbal*, 556 U.S. at 678.

## IV. CONCLUSION

For these reasons, Plaintiff's motion to remand is **DENIED**. Aetna's motion to dismiss is **GRANTED in part** and **DENIED in part**. An appropriate Order follows.

*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**

**Dated: June 20, 2018**